# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| TERRY L. BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-110 PS |
| | ) | |
| CITY OF MARION, STEVE SCOTT, and | ) | |
| MARION CITY POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On June 6, 2007, Marion, Indiana police officers arrested Terry L. Brady. Immediately after Brady pulled his vehicle over to the side of the road, he got out of his car and laid down on the pavement. While Brady was laying face-down, spread-eagle, with his palms flat on the pavement, Police Captain Steve Scott allowed a K-9 police dog to viciously maul him. The bites Brady suffered to his neck, shoulders, and back left permanent scars. Brady continues to experience neck pain, headaches, and numbness in the back of his head. After the dog attacked him, Brady says another officer "repeatedly mashed and slammed" his head on the roof of a patrol car. Brady was then "pushed and kicked" into the backseat of the patrol car where police officers assailed him with racial slurs and profanity all the way to Grant City Jail. Brady claims he was cooperative and never resisted arrest at any time after he exited his vehicle. He subsequently filed this lawsuit against the City of Marion, the Marion City Police Department and Marion City Police Captain Steve Scott.

At the time Brady filed this lawsuit, he was in custody at Miami Correctional Facility in Bunker Hill, Indiana. Therefore, pursuant to 28 U.S.C. § 1915A, I must review his *pro se* prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). In the context of a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to provide plausible grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (quotation marks and brackets omitted). "Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When dealing with *pro se* litigants, I must construe their pleadings liberally and hold them to less stringent standards than formal pleadings drafted by trained lawyers. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

This action was filed under 42 U.S.C. § 1983, which provides a cause of action to redress a violation of a federally secured right by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642, 647 (7th Cir. 2004). Brady claims the Defendants used excessive force during his arrests in violation of his Fourth Amendment rights. "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). In Fourth Amendment excessive use of force cases, the question is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* The reasonableness of a particular use of force must

2

be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. *Id.* If one believes Brady, he showed no signs of resisting arrest and made no attempt to flee after exiting his car. At the time Scott let the dog loose on him, Brady was lying face-down on the pavement in a submissive position. Taking these allegations as true, as I must at this stage, Brady has stated a claim that Scott used excessive force by allowing the dog to attack him during his arrest.

Brady also states that unidentified officers repeatedly slammed his head on the roof of the patrol car and then pushed and kicked him inside the car. Presumably at this point, when Brady was in handcuffs, there was no need to apply such severe force to effect the arrest. Therefore, giving Brady the benefit of the inferences to which he is entitled at the pleading stage, these allegations also state a Fourth Amendment claim of excessive use of force. The identity of these officers is unknown at this point. So if Brady wishes to sue the officers who applied force to get him into the car, he must ascertain the identity of those officers through discovery and amend his complaint to state his allegations against them.

Brady states other constitutional rights were violated, but these claims are non-starters. For example, he claims Defendants' conduct amounts to cruel and unusual punishment. But the Eighth Amendment's proscription against cruel and unusual punishment only applies to convicted prisoners and pretrial detainees (through application of the Fourteenth Amendment). *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Brady only alleges police misconduct during his arrest, not during any period of his incarceration; therefore, the Eighth Amendment doesn't apply to the facts of this case. Brady also claims that his Fourteenth Amendment due process rights were violated, but his complaint doesn't come close to alleging a deprivation of a

property or liberty interest to invoke that clause. He does state that the officers who escorted him to the jail assailed him with racial slurs and other invectives, but these allegations do not state a claim for relief either. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

In addition to Scott, Brady names the City of Marion and its police department as Defendants. There are two problems with this. First, Indiana city police departments are not entities that can be sued because, under state law, they have no separate legal identity apart from the city itself. *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). Thus the Marion City Police Department is not a proper defendant in this case. As to the city, a municipal entity cannot be liable under § 1983 for the actions of individual officers on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, a § 1983 action against a municipality must allege that the execution of the agency's policy or custom inflicted the injury or that the actions were undertaken by a policymaker. *Id.* at 694. There is no indication in the Complaint that the officers involved in the incident were policymakers for the City of Marion or its police department. And while it is not inconceivable to me that the officers were acting in accordance with a city policy or custom, Brady hasn't alleged such a city policy or custom. Therefore, I am dismissing Brady's claim against Defendant City of Marion with leave to amend the complaint to add a properly pled claim against the city.

Finally, Brady has filed a purported "supplement" to his Complaint. (DE 7.) This document does not to appear to add any new claims or defendants to this matter. In any event,

Brady is cautioned that if he does wish to add claims or defendants to this matter, the proper procedure is to file an amended complaint in accordance with Federal Rule of Civil Procedure 15. Therefore, the Court:

(1) **GRANTS** Terry L. Brady leave to proceed against Steve Scott in his individual capacity on the claim that Scott used excessive force to arrest the plaintiff on June 6, 2007, by allowing a police dog to attack the plaintiff as he lay in a position of surrender;

(2) **GRANTS** Terry L Brady leave to proceed against the City of Marion solely for the purpose of discovery to identify the officers who escorted Brady into the patrol car during his arrest on June 6, 2007;

(3) **WAIVES** the City of Marion's obligation to file an answer pursuant to 42 U.S.C. § 1997e(g)(2);

(4) **DISMISSES** the Marion Police Department;

(5) **DISMISSES** all other claims:

(6) **ORDERS** that all discovery permitted by this order be initiated by August 14, 2009;

(7) **GRANTS** Terry L. Brady leave to file any amended complaint on or before **September 30, 2009**. The amended complaint must name the officer or officers who escorted Brady into the patrol car during his arrest on June 6, 2007. If Brady wishes to add a claim against the City of Marion, he must sufficiently state a claim of municipal liability in accordance with *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978);

(8) **DIRECTS** the Clerk of the Court to place the cause number of this case on a blank 42 U.S.C. § 1983 Prisoner Complaint form and mail it to Terry L. Brady;

(9) **DIRECTS** the Clerk of the Court to transmit the summonses and USM-285s to the

United States Marshals Service along with copies of this order and copies of the complaint;

(10) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Steve Scott for the purpose of answering the claims upon which the Court grants the plaintiff leave to proceed; and

(11) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on the City of Marion solely for the purpose of discovery to identify the officers who escorted Brady into the patrol car during his arrest on June 6, 2007; and

(12) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Steve Scott to file an answer, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

**ENTERED**: July 10, 2009.

 s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT